<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ISSAC D. GOTTLIEB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 09-5687 (MLC) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| RUTGERS, | : | |
| THE STATE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion of Plaintiff Isaac D. Gottlieb ("Plaintiff") to reassign this case to Judge Faith S. Hochberg, U.S.D.J., in the Newark Vicinage. (Doc. No. 9.) Defendant Rutgers, the State University ("Defendant") opposes Plaintiff's present motion. (Doc. No. 14.) The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, the Court will deny Plaintiff's motion for the reasons that follow.

**I.   BACKGROUND**

Plaintiff filed his complaint against Defendant on November 6, 2009, and the matter was assigned to Judge Mary Little Cooper, U.S.D.J., in the Trenton Vicinage. More than three months later, on February 15, 2010, Plaintiff filed the present motion to transfer this case to Judge Hochberg in the Newark Vicinage. (Doc. No. 9.) In support of that motion, Plaintiff primarily argues that reassignment of this case is appropriate to facilitate its consolidation with two allegedly related cases assigned to Judge Hochberg. Plaintiff also argues that Newark is

more convenient for the parties. In opposition to Plaintiff's motion, Defendant notes that the two allegedly related cases before Judge Hochberg settled after Plaintiff filed the present motion. Defendant therefore argues that Plaintiff's motion is now moot. Defendant also argues that Newark is not a more convenient forum for several reasons, among them that Defendant's in-house counsel is located in New Brunswick, and that Judge Lois H. Goodman, U.S.M.J., has already commenced pre-trial proceedings in this case. (Doc. No. 14.) Plaintiff did not file a reply to Defendant's opposition.

## II. DISCUSSION

In the District of New Jersey, case reassignment is at the discretion of the Chief Judge. Local Civil Rule 40.1(d-e). In this case, Defendant correctly points out that the two allegedly related cases before Judge Hochberg have settled. As such, Plaintiff's argument that this case should be reassigned to facilitate consolidation is moot. With regard to Plaintiff's alternate argument, that Newark is a more convenient venue for the parties, the Court agrees with Defendant's contention that Newark is not significantly more convenient, and that given Judge Goodman's involvement in this case, judicial economy will not be furthered by its transfer. As such, the Court shall deny Plaintiff's motion to reassign this case.

## III. CONCLUSION

For the foregoing reasons, the Court shall DENY Plaintiff's present motion.

Dated: March 29, 2010

                                                          /s/ Garrett E. Brown, Jr
                                                          GARRETT E. BROWN, JR., U.S.D.J.